## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JORGE PALMER and MARIA
MENDOZA,

Plaintiffs,

vs.

AMERICAN SALES AND
MANAGEMENT
ORGANIZATION, LLC,
EULEN AMERICA, INC., and
BRENT L. BLAKE and LUIS
RODRIGUEZ LOPEZ,
individually,

Defendants.

Case No.:

## COLLECTIVE ACTION COMPLAINT

1.      Plaintiffs, JORGE PALMER AND MARIA MENDOZA ("Plaintiffs"), are employees of Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, EULEN AMERICA, INC., and BRENT L. BLAKE and LUIS RODRIGUEZ LOPEZ, individually, ("Defendants"). Plaintiffs bring this action on behalf of themselves and other similarly situated employees of Defendants for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2.      At all times material hereto, Plaintiffs performed non-exempt labor duties on behalf of the Defendants in Miami Dade County, Florida, within the jurisdiction and venue of this Court.

3.      Plaintiff JORGE PALMER was hired by Defendants in approximately January, 2004, and continued to work for Defendants until mid-May, 2013.

4.      Plaintiff MARIA MENDOZA was hired by Defendants in approximately December, 2003, and worked for Defendants until mid-June, 2013.

5.      Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiffs, and those similarly situated employees, for all overtime hours worked in a work week.

6.      Defendants BRENT L. BLAKE and LUIS RODRIGUEZ LOPEZ, individually, directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

7.      At all times material hereto, Plaintiffs and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

8.      This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

9.      The records, if any, concerning the number of hours worked by Plaintiffs and all other similarly situated employees as Plaintiffs are in the possession and custody of Defendants.

10.     The records, if any, concerning the compensation actually paid to Plaintiffs and all other similarly situated employees are in the possession and custody of Defendants.

11.     Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

12.     At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as

defined by the Act, 29 U.S.C. §203(r) and 203 (s).  Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto.

13.     Alternatively, the Plaintiffs and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

14.     At all times material hereto, BRENT L. BLAKE and LUIS RODRIGUEZ LOPEZ, individually, managed, owned and/or operated AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, EULEN AMERICA, INC., ("Eulen"), and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of Eulen.  By virtue of such control and authority, BRENT L. BLAKE and LUIS RODRIGUEZ LOPEZ, individually, was Plaintiffs' employer as such term is defined by the Act.  29 U.S.C. §201 et seq.

15.     Defendant BRENT L. BLAKE and LUIS RODRIGUEZ LOPEZ directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

16.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiffs and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiffs and other similarly situated employees compensation to which they were lawfully entitled for the period of time each day they were engaged to wait on behalf of Defendants.

17.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one or more work

3

weeks on or after August 23, 2009, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

18.    Plaintiffs have retained the Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

<u>COUNT I</u>
<u>RECOVERY OF OVERTIME COMPENSATION</u>

19.    Plaintiffs re-allege and incorporate herein by reference, all allegations contained in Paragraphs 1 through 18 above.

20.    Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

21.    All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

22.    Defendants knowingly and willfully failed to pay Plaintiffs and the other similarly situated to them at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.  The failure of Defendants to compensate Plaintiffs at their given rate of pay for all hours worked is in violation of the FLSA.

23.    Defendants, therefore, are liable to Plaintiffs, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

24.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

25.    As a result of Defendants' willful violations of the Act, Plaintiffs and those similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs, JORGE PALMER AND MARIA MENDOZA and those similarly situated to them, demand judgment, jointly and severally, against Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC, EULEN AMERICA, INC., and BRENT L. BLAKE and LUIS RODRIGUEZ LOPEZ, individually, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

26.     Plaintiffs demand trial by jury as to all issues so triable.


Dated:  August 23, 2013                          Respectfully submitted,
                                                 s/ Andrew I. Glenn_____
                                                 Andrew I. Glenn, Esq.
                                                 E-mail:  AGlenn@JaffeGlenn.com
                                                 Florida Bar No.:  577261
                                                 Jodi J. Jaffe, Esq.
                                                 E-Mail:  jjaffe@jaffeglenn.com
                                                 Florida Bar No.:  865516
                                                 Jaffe Glenn Law Group, P.A.
                                                 12000 Biscayne Boulevard
                                                 Suite 305
                                                 North Miami, FL 33181
                                                 Telephone: (305) 726-0060
                                                 Facsimile: (305) 726-0046
                                                 Attorneys for Plaintiff